# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**EARLENE HARRIS**                                                                                           **PLAINTIFF**

**v.**                                        **No. 2:13CV00152 KGB/JTR**

**CAROLYN W. COLVIN,** *Acting Commissioner,*
*Social Security Administration*                                                                     **DEFENDANT**

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for U.S. District Judge Kristine G. Baker. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Baker may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Recommended Disposition**

Earlene Harris seeks judicial review of the denial of her claim for disability insurance benefits (DIB).[3] This case considers Harris's third application.[4] Harris bases disability on arthritis, carpal tunnel syndrome, migraines, and a partial colectomy.[5] She claims these conditions forced her to stop working on February 17, 2011.[6]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Harris has severe impairments — Hirschsprung's disease, abdominal adhesions status post partial colectomy, right rotator cuff tear status post surgical repair with residual degenerative joint disease, carpal tunnel syndrome in both wrists, and migraine headaches — but she can do some sedentary work.[7] Because a vocational expert identified available work for a person with Harris's impairments,[8] the ALJ determined Harris is not disabled and denied the

---

[3] SSA record at p. 115 (alleging disability beginning Nov. 16, 2002).

[4] *See id*. at p. 154 (prior applications denied on Sept. 22, 2000 and July 25, 2003).

[5] *Id*. at p. 132.

[6] *Id*.

[7] *Id*. at p. 16.

[8] *Id*. at p. 46.

application.[9]

After the Appeals Council declined to review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11]  Harris filed this case to challenge the decision.[12]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Harris's allegations**.  Harris contends she did not receive a full and fair review because the ALJ didn't consider listings 5.00(E)(2), 5.06 or 5.07 (digestive disorders) or listing 1.02 (major dysfunction of a joint).  She maintains the ALJ excluded her non-exertional limitations: the need for frequent bathroom breaks, limitations of the

---

[9]*Id*. at pp. 19-20.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

right arm, neuropathy in her hands, and pain when sitting. She relies on the alleged limitations to argue that the ALJ failed to properly consider the vocational expert's testimony. For these reasons, she says substantial evidence does not support the ALJ's decision.[14]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Harris can do some sedentary work.[15] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[17]

In this case, the ALJ placed the following limitations on sedentary work: (1) no climbing ropes, ladders, or scaffolds; (2) occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, or crawling; (3) no unprotected heights and

---

[14]Docket entry # 12.

[15]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (internal citation omitted).

[16]20 C.F.R. § 404.1567(a).

[17]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

dangerous moving machinery; and (4) occasionally reaching overhead with the right arm.  Because sedentary work doesn't ordinarily implicate the first three limitations, the only significant limitation is occasional overhead reaching with the right arm.  The court must determine whether a reasonable mind would accept the evidence as adequate to show Harris can work with that limitation.

**Whether substantial evidence exists**.  The ALJ's determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove she is disabled.[18]  Therein lies the problem for Harris; the medical evidence reflects no disabling limitations.

<u>Digestive problems</u>.  According to Harris, she was born with Hirschsprung's disease — "an abnormality in which certain nerve fibers are absent in segments of the bowel, resulting in severe bowel obstruction."[19]  "Without these nerves, the affected segment of the colon lacks the ability to relax and move bowel contents along."[20]  Hirschprung's disease is treated surgically by bypassing the part of the colon lacking nerve cells.  Harris's surgeon removed part of her colon many years ago.[21]  The record

---

[18] 42 U.S.C. § 423 (d)(5(A); *Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003); 20 C.F.R. § 404.1508.

[19] Amy Vance & Rebecca J. Frey, 3 The Gale Encyclopedia of Med. 2120 (4th ed.).

[20] *Id*.

[21] SSA record at p. 216 (per surgeon, "I saw her years ago and did a subtotal abdominal colectomy for chronic inertia.  I've not see her since 2002.").  *See also id*. at p.

contains no medical evidence of Hirschsprung's disease, but the surgery supports Harris's report of Hirschsprung disease — but not her allegations.

Corrective surgery usually permits a person to pass stool normally, but Harris testified that she must use the bathroom so often that she cannot work.[22] The record shows no digestive problems until July 2009 when Harris experienced a fecal impaction.[23] Harris's surgeon removed the fecal impaction.[24] After the removal, Harris worked part-time for a cleaners, operating a pressing machine.[25] Since then, Harris had a few problems, but her problems resolved with treatment.

In March 2010 — shortly after she applied for DIB — a diagnostic exam showed no colon abnormality.[26] She stooled regularly.[27] In November 2011, Harris

---

479 (operative report for removal of cyst from ovaries, observing "previous colon resection with anastomosis"). The reference to "chronic inertia" is probably a typographical error. It is more likely the surgeon removed part of the colon because of "colonic inertia" — where the colon's muscles or nerves don't operate normally, preventing fecal matter from progressing through the colon.

[22]*Id*. at pp. 31.

[23]*Id*. at p. 398.

[24]*Id*. at p. 217.

[25]*Id*. at p. 142.

[26]*Id*. at p. 214 (per surgeon, colonoscopy looked normal, no evidence of problems) & p. 219 (negative colonoscopy).

[27]*Id*. at p. 346.

had some gastritis,[28] but the gastritis resolved with treatment.[29] Harris cannot show she meets a digestive-disorder listing because her digestive problems have been controlled with treatment.[30] "An impairment which can be controlled by treatment or medication is not considered disabling."[31]

Although Harris testified that problems with her rectum and colon prevent her from sitting,[32] a reasonable mind would not accept that testimony as credible because diagnostic procedures have been negative.[33] Treatment records reflect no complaints about sitting. The medical evidence provides no basis for frequent bathroom breaks. The medical expert opined that Harris can sit for at least two hours at a time and for at least six hours a day.[34] A reasonable mind would accept the evidence as adequate to support the decision because no evidence shows digestive problems cause

---

[28]*Id.* at p. 514 (esophagogastroduodenoscopy showing moderate inflammation of stomach lining and esophagus).

[29]*Id.* at p. 512 (per surgeon, she was doing quite well after two months of treatment).

[30]20 C.F.R. pt. 404, subpt. P, app. 1, § 5.00C(1) "Digestive disorders frequently respond to medical or surgical treatment; therefore, we generally consider the severity and duration of these disorders within the context of prescribed treatment.").

[31]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[32]SSA record at p. 35.

[33]*Id.* at p. 219 (negative colonoscopy); p. 348 (negative kidney ultrasound); p. 350 (negative diagnostic imaging of abdomen); p. 513 (negative abdomen ultrasound) & p. 514 (esophagogastroduodenoscopy consistent with gastritis).

[34]*Id.* at p. 557.

significant exertional or non-exertional limitations.

<u>Right arm</u>. Harris relies on a January 2007 shoulder injury as another reason for disability.[35] Harris underwent surgery on the right shoulder in February 2007.[36] She testified that her shoulder healed, but she cannot raise her right arm over her head.[37] In July 2011, the agency examiner found some weakness in the right arm and right hand, but Harris can do fine finger movements with her right hand.[38] During the exam, Harris could not raise the right arm all the way forward.[39]

A nerve conduction study later confirmed the presence of carpal tunnel syndrome.[40] Harris's neurologist recommended wearing wrist braces at night.[41] A reasonable mind would accept the evidence as adequate to support the ALJ's decision because Harris's neurologist described her condition as mild, she used her right arm to operate a pressing machine, and the ALJ limited overhead reaching with the right arm. No evidence suggests Harris meets listing 1.02 because she can use her right arm

---

[35] *Id*. at pp. 299 & 379.

[36] *Id*. at p. 381-82.

[37] *Id*. at p. 41.

[38] *Id*. at p. 403.

[39] *Id*. at p. 402.

[40] *Id*. at p. 459.

[41] *Id*. at p. 518 (diagnosing mild ulnar entrapment neuropathy at right elbow and mild carpal tunnel syndrome in right wrist).

to perform fine and gross movements.[42]

Headaches. A few months after she applied for DIB, a neurologist diagnosed migraine headaches.[43] At that time, Harris had some tingling in her arms and legs. The migraines responded to treatment; the tingling improved.[44] Harris may experience some headaches, but a reasonable mind would accept the evidence as adequate to show Harris can do some sedentary work, because the evidence doesn't show migraine headaches interfere with her ability to work.

Vocational evidence. The ALJ asked a vocational expert whether Harris's work skills transferred to sedentary work. The vocational expert testified that Harris's past work as a WalMart cashier transferred to cashier work as a food checker.[45] The ALJ then added the limitation of occasional overhead reaching with the right arm. The vocational expert testified that jobs exist for a food checker with occasional overhead reaching.

The ALJ also asked about the need for a sit/stand option and frequent bathroom breaks, but did not include those limitations in specifying Harris's ability to work.

---

[42]See 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02 (requiring "[i]nvolvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively").

[43]SSA record at p. 458.

[44]Id. at p. 518.

[45]Id. at p. 46.

9

Harris maintains the ALJ should have included those limitations, but no medical evidence supports the limitations. A reasonable mind would accept the evidence as adequate to support the ALJ's determination because the vocational expert identified sedentary cashier jobs requiring occasional overhead reaching. The vocational evidence shows work exists that Harris can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[46] Because such work exists, Harris is not disabled under social security disability law.

**Conclusion**. Substantial evidence supports the ALJ's decision. The ALJ made no legal error. For these reasons, the court DENIES Harris's request for relief (docket entry # 2) and AFFIRMS the Commissioner's decision.

It is so ordered this 31st day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[46] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).